Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 CR 928 | **DATE** | 10/9/2001 |
| **CASE TITLE** | USA vs. Davis, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. The government's motion to admit evidence (107-1) is granted in part and denied part as stated above. The Court also finds that the government's proffer of evidence under United States v. Santiago, 582 F.2d 1128 (7th Cir. 1987), supporting the admissibility of co-conspirator declarations at trial (109) is sufficient to allow the Court to conditionally admit such evidence, subject to government's eventual proof by a preponderance of the evidence of the elements set forth in Fed.R.Evid.801(d)(2)(E).

(11) ☐ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | OCT 1 0 2001 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | 120 |
| | Copy to judge/magistrate judge. | | | |
| | | | date mailed notice | |
| OR | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | Case No. 99 C 928 |
| | ) | |
| NICOLE DAVIS and | ) | |
| CALVIN KUYKENDOLL | ) | |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

The superseding indictment in this case charges that between February and November 29, 1999, Nicole Davis and Calvin Kuykendoll conspired to possess with intent to deliver, and to deliver, quantities of cocaine and heroin. The indictment alleges in paragraphs 3-8 that from November 23-29, 1999, defendants and a government informant known to them as "Cano" had a series of conversations in which defendants arranged to purchase 50 kilograms of cocaine and 1 kilogram of heroin from Cano, with the exchange to take place at a local McDonald's restaurant on November 29. In paragraph 2, the indictment alleges that between February and June 1999, Davis agreed to purchase and purchased multiple multi-kilogram quantities of cocaine from Cano, that she exchanged cash for cocaine at the same McDonald's, and that Kuykendoll often accompanied her. The Court previously granted defendant Kuykendoll's motion for a bill of particulars insofar as it sought specification of the dates on which he allegedly accompanied Davis. *See* Order of Oct. 25, 2000. Davis did not seek a bill of particulars.

The government has moved *in limine* to admit at trial testimony by Cano that in 1997, he was introduced to Davis through a man named Julio who facilitated a number of small cocaine deals and that she began to deal directly with Cano and eventually brought Kuykendoll into their

dealings. Second, it wants to offer Cano's testimony that in 1999, he sold cocaine to Kuykendoll once, and he discussed with Kuykendoll on several occasions the possibility of selling him heroin, though no deals were actually made. Third, the government wants to offer Cano's testimony that based on his conversations with Kuykendoll, he believed Kuykendoll controlled several distributors of cocaine on the west and south sides of Chicago and was "in charge of street gangs" in those areas.

Evidence regarding Cano's cocaine dealings with the defendants during 1999 is admissible. This is not "other act" evidence; rather it is part of the alleged conspiracy, set forth in paragraph 2 of the superseding indictment. The evidence is relevant and admissible. Paragraph 2 is not so general or vague as to violate due process; any unfairness that might result from its lack of precision can be cured by a bill of particulars. Though Davis did not seek a bill of particulars, the Court on its own motion will order the government to provide one. Within 10 days of this order, the government is directed to specify for defendants, to the same extent as it expects to do at trial, the dates, quantities, dollar amounts, and participants involved in any transactions encompassed within paragraph 2.

Evidence regarding Cano's conversations with Kuykendoll in 1999 about obtaining heroin, though not referenced in paragraph 2, is nonetheless admissible. The evidence will serve to provide context and background for taped conversations that took place in November 1999, in one of which Kuykendoll and Cano discussed the availability of heroin and in another of which Davis reminded Cano of Kuykendoll's desire to obtain heroin from Cano. This evidence is inextricably related to the charged conspiracy, and it is relevant to show Kuykendoll's intent in connection with the November 1999 deal, as well as to provide background and context for the

jury. *See, e.g., United States v. Diaz,* 994 F.2d 393, 394-95 (7th Cir. 1993).

Cano's proposed testimony that he believed from his conversations with Kuykendoll that the latter controlled drug operations involving street gangs is inadmissible. The government does not represent that Kuykendoll ever said anything to this effect; what it says that this was Cano's "belief" and "understanding." *See* Govt. Motion, p. 8. That is not a sufficient foundation to admit Cano's conclusions. In any event the reference to street gangs, the probative value of which the government does not even attempt to explain, would be enormously and unfairly prejudicial to Kuykendoll, thus requiring exclusion of the evidence under Federal Rule of Evidence 403.

Finally, the Court will not permit the government to elicit from Cano testimony about his dealings with defendants in 1997, which predated the charged conspiracy by nearly two years. The government makes several claims about the 1997 dealings but has failed to support any of them. First, it says that the 1997 dealings are inextricably related to the charged conspiracy. *See* Govt. Motion, p. 12. Based on what the government says about the 1997 transactions, this does not appear to be so: to the extent the government describes them at all, the earlier dealings appear to have persons not a part of the charged conspiracy (Julio) and consisted of what the government describes as "small cocaine transactions." *See id.,* p. 7. Second, the government appears to claim that Cano's testimony about their 1997 dealings will help explain the November 1999 tape recordings. *See id.,* pp. 11-12. However, it has provided the Court with nothing to support that claim. Indeed, to the extent that the government has identified references to earlier contacts that are found in the tape recordings, it appears that they will be explained, and the November 1999 events will be put into context, by Cano's testimony about his dealings with the

3

defendants earlier in 1999, not their dealings in 1997. Third, though the government suggests that the 1997 testimony is needed to avoid a "conceptual void" in the evidence concerning the charged conspiracy, *see id.*, p. 11, it has failed to explain why this is so. The government's motion does not contain anything that would indicate that a jury will not get a fully-rounded picture from Cano's description of his repeated dealings with the defendants during 1999, or that the 1999 dealings are somehow insufficient to show the alleged relationship of trust between Cano and the defendants. For these reasons, the Court rejects the government's argument that the 1997 transactions are inextricably related to the charged conspiracy.

The Court likewise rejects the government's contention that the 1997 dealings are admissible under Federal Rule of Evidence 404(b). That Rule provides that evidence of uncharged crimes, wrongs, or acts is inadmissible to show the defendant's propensity to commit a crime but may be admissible for other purposes. The government argues that the earlier dealings are admissible to show the defendants' method of dealing with Cano; their lack of mistake; their intent; and their motivation. But based on the government's description of the 1997 dealings, they involved a completely different "method of dealing" with Cano than the charged events. With regard to the government's other claims, all of which involve the defendants' state of mind, the Court agrees that the government needs to be able to show the jury why defendant Davis would have felt comfortable taking $350,000 in cash to the McDonald's on November 29, 1999. *See* Govt. Motion, p. 16. But it appears from what the government has described that testimony about the defendants' 1999 dealings with Cano – which, after all, extended over a period of nine months – will provide more than ample background and explanation for what occurred immediately prior to Davis' arrest. And the government has not

4

explained how the "small cocaine transactions" that occurred nearly two years earlier (and which, from what the government has described, evidently were separated from the charged conspiracy by a year or more) would tend to show Davis or Kuykendoll's intent to make a deal of over half a million dollars in cash; their motive to do so; or their trust of Cano that would lead them to do so. In sum, the government has failed to support its argument that the 1997 dealings between Cano and the defendants are admissible for a proper purpose within the scope of Rule 404(b). Based on the present submission, the only way that the Court properly could allow the earlier dealings in evidence would be if charges of narcotics dealings between particular individuals during a particular period allowed the government, without more, to introduce evidence of earlier dealings between those same individuals. The government cites no case supporting such a proposition. Were it the law, the rule that evidence of uncharged acts is inadmissible to prove the defendant's propensity to commit crimes would be a nullity.

## Conclusion

The government's motion to admit evidence [Docket Item 107-1] is granted in part and denied in part as stated above. The Court also finds that the government's proffer of evidence under *United States v. Santiago,* 582 F.2d 1128 (7th Cir. 1987), supporting the admissibility of co-conspirator declarations at trial [Docket Item 109] is sufficient to allow the Court to conditionally admit such evidence, subject to government's eventual proof by a preponderance of the evidence of the elements set forth in Fed. R. Evid. 801(d)(2)(E).

Date: October 9, 2001

MATTHEW F. KENNELLY
United States District Judge